# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| MICHAEL RHODES, d/b/a )<br>RHODES INVESTMENTS, LLC, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BOMBARDIER CAPITAL, INC., )<br>    Defendant. ) | No. 3:09-CV-562<br>(Phillips) |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion to dismiss pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure [Doc. 4]. Plaintiff has responded in opposition [Doc. 6]. For the reasons which follow, defendant's motion to dismiss will be denied.

## Background

Plaintiff filed the instant action on November 18, 2009 in the Chancery Court for Anderson County, Tennessee. The case arises out of prior litigation between the CIT Group and defendant Bombardier, Hustler Boat Trailers, Mariah Boats and R&C Automotive (now Rhodes Investments LLC). The prior litigation involved a financing agreement for several boats. Plaintiff states that all previous disputes surrounding the prior litigants were eventually settled, except for the dispute between Bombardier and Rhodes. An order of compromise and dismissal was entered as to all actions except the claim

between Rhodes and Bombardier. This claim was dismissed without prejudice in accordance with Rule 41.01 of the Tennessee Rules of Civil Procedure. The instant action was refiled on November 18, 2009 in the Chancery Court for Anderson County, Tennessee, and removed to this court pursuant to 28 U.S.C. § 1332.

In the instant case, plaintiff seeks to recover from Bombardier upon claims of fraud, negligent misrepresentation and violation of the Tennessee Consumer Protection Act. The claims arise out of an Inventory Security Agreement between Rhodes and Bombardier. Plaintiff alleges that at the time Rhodes purchased boats from Mariah, he was relying upon representations from Bombardier that the boats could be sold subject only to the security interest of Bombardier. In fact, Bombardier had not fully paid a prior security interest. Rhodes executed a $500,000 letter of credit which was drawn upon in its entirety by Bombardier, and Rhodes has suffered a financial loss as a result of Bombardier's misrepresentations concerning the prior security interest.

Defendant asserts that the complaint fails to properly allege causes of action based upon fraud, negligent misrepresentation, or the Tennessee Consumer Protection Act. In addition, defendant asserts that the claims of Michael Rhodes, individually, are barred by the applicable statute of limitations. Therefore, defendant asserts that plaintiff's complaint should be dismissed pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

## Standard for Motion to Dismiss

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

## Fraud/Misrepresentation Claims

A cause of action for fraud in Tennessee requires four elements: (1) an intentional misrepresentation of a material fact; (2) knowledge of the representation's falsity; and (3) an injury caused by reasonable reliance on the representation. The fourth element requires that the misrepresentation involve a past or existing fact or, in the case

3

of promissory fraud, that it involve a promise of future action with no present intent to perform. *Dobbs v. Guenther*, 846 S.W.2d 270, 274 (Tenn.App. 1992).

Liability for negligent misrepresentation will result if defendant is acting in the course of his business, profession, or employment, or in any transaction in which he has pecuniary interest, and if plaintiff establishes that the defendant supplied information to the plaintiff meant to guide others in their business transactions, the information was false, the defendant did not exercise reasonable care in obtaining or communicating the information, and the plaintiff justifiably relied on the information. *Walker v. Sunrise Pontiac-GMC Truck Inc.,* 249 S.W.3d 301, 311 (Tenn. 2008).

Rule 9(b) requires that averments of fraud be stated with particularity. At a minimum, a plaintiff must "allege the time, place, and content of the alleged misrepresentation on which he relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex LP,* 2 F.3d 157, 161-62 (6th Cir. 1993). However, "allegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Id.* The threshold test is whether the complaint places the defendant on "sufficient notice of the misrepresentation," allowing the defendant to "answer, addressing, in an informed way plaintiff's claim of fraud." *Id.*

To establish a *prima facie* cause of action under the Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101 to 128, plaintiff must prove that defendant engaged in an act or practice that is unfair or deceptive as defined under the Act, and that plaintiff suffered a loss of money, property, or a thing of value as a result of the unfair or deceptive act of defendant. Tenn. Code Ann. § 47-18-109. Plaintiff's claims under the Tennessee Consumer Protection Act are subject to Rule 9(b)'s specific pleading requirements. *Metro. Property & Cas. Ins. Co. v. Bell,* 2005 WL 1993446 (6th Cir. Aug. 17, 2005) (citing *Harvey v. Ford Motor Credit Co.,* 8 S.W.3d 274 (Tenn.App. 1999)).

Here, plaintiff claims that the defendant made material and substantial misrepresentations as to the security obligations attached to the property at issue. Plaintiff alleges he relied on the false information provided by defendant, and that such reliance resulted in an injury in the form of financial harm. More particularly, plaintiff alleges that defendant withheld direct knowledge of security interests held by CIT when asked about whether the property at issue had any security interests. Therefore, the court finds that plaintiff's complaint adequately states a claim against defendant for fraudulent and/or negligent misrepresentation, as well as a claim under the Tennessee Consumer Protection Act.

**Claims of Michael Rhodes**

Last, defendant asserts that the claims of Michael Rhodes are barred by the statute of limitations because Michael Rhodes was never a party to the previous case, therefore, the Tennessee Savings Statute is not applicable to his claims.

> The Tennessee Savings Statute, Tenn. Code Ann. § 28-1-105 provides:
>
> If an action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representative and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

It is well settled that Tennessee law strongly favors the resolution of all disputes on their merits, and that the saving statute is to be given a broad and liberal construction in order to achieve this goal. *Henley v. Cobb,* 916 S.W.2d 915, 916 (Tenn. 1996). Notice to the party affected is the true test of the statute's applicability. *Id.* The Tennessee Supreme Court states "the reason justifying statutes such as the saving statute is that the bringing of a suit, whether prosecuted to final judgment or not, gives the defendant notice that the plaintiff has a demand which he proposes to assert." *Burns v. People's Telegraph & Telephone Co.,* 33 S.W.2d 76 (1930).

Here, Michael Rhodes was the principal of Rhodes LLC; thus, he was in privity with a party to the previous suit. Because defendant was given actual notice of

Michael Rhodes' legal claims against it, the court finds that the Savings Statute applies to those claims,

## Conclusion

For the reasons stated above, defendant's motion to dismiss [Doc. 4] is **DENIED IN ITS ENTIRETY.**

                                  **ENTER:**
                                        s/ Thomas W. Phillips
                                        United States District Judge